UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOUTHERN ILLINOIS LABORERS' AND EMPLOYERS HEALTH AND WELFARE FUND; NECA-IBEW WELFARE TRUST FUND; MIDWESTERN TEAMSTERS HEALTH AND WELFARE FUND; THE WELFARE FUND OF TEAMSTERS LOCAL UNION 863; PLUMBERS & PIPEFITTERS LOCAL UNION 630 WELFARE TRUST FUND; CLEVELAND BAKERS AND TEAMSTERS HEALTH AND WELFARE FUND; ELECTRICAL WORKERS BENEFIT TRUST FUND; FIRE & POLICE RETIREE HEALTH CARE FUND, SAN ANTONIO, LABORERS' DISTRICT COUNSEL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND; LABORERS' DISTRICT COUNSEL HEAVY AND HIGHWAY UTILITY HEALTH AND WELFARE FUND, and NEW YORK CITY POLICE SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUNDS, individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 06 C 1818<br><br>Judge John W. Darrah<br><br>Magistrate Judge Geraldine Soat Brown |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PFIZER INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, Magistrate Judge

Before the court is Plaintiffs' Motion to Modify Discovery. [Dkt 136.] For the reasons set

1

out below, the motion is denied.

## **BACKGROUND**

In this action, eleven ERISA benefit funds ("Plaintiffs") claim that defendant Pfizer, Inc. ("Pfizer") improperly marketed the medication Lipitor for "off-label" uses. (Am. Compl. ¶ 3.) [Dkt 45.] After the case was referred to this court for discovery, the parties described the claims as follows:

> Plaintiffs allege that Pfizer marketed Lipitor for an unapproved use - - cholesterol reduction in moderate risk patients . . . . Plaintiffs claim, that as a result, they paid for unwarranted Lipitor prescriptions. . . .

(Jt. Initial Status Report ¶ 1.) [Dkt 88.] Plaintiffs' claims are brought on behalf on themselves and other "third-party/payors . . . that paid any portion of the purchase price for Lipitor" during the Class period, January 1, 2002 to the present. (Second Am. Comp. ¶ 1.) [Dkt 116, 127.][1] The District Judge has set discovery to close on March 31, 2008. [Dkt 49.]

In June 2006, Pfizer served interrogatories on Plaintiffs, asking, *inter alia*, that they "[i]dentify each prescription of Lipitor for an off-label purpose as defined in the Complaint for which you paid or provided reimbursement." [Dkt 78-3, Interrog. No. 3.] After a hearing on Pfizer's motion to compel Plaintiffs to answer Pfizer's discovery, this court held that the information sought by the interrogatory is discoverable, but allowed Plaintiffs to begin responding by naming a single Plaintiff fund that would provide its information. Specifically, Plaintiffs were ordered to identify by August 20, 2007, each Lipitor prescription written for an allegedly improper off-label

---

[1] The Second Amended Complaint was filed under seal. No motion for class certification has yet been filed.

purpose that was paid for by the selected Plaintiff fund. [Dkt 98.]

At a continued hearing on discovery motions on August 28, 2007, Pfizer's counsel reported, and Plaintiffs' counsel admitted, that Plaintiffs had not identified any improper prescriptions, but rather had identified and provided information about four (or possibly six) persons. (Pls.' Reply Supp. Mot. Modify Discovery, Ex. A, Tr. Aug. 28, 2007 at 5, 13-14.) [Dkt 143.] In Pfizer's view, the medical profiles of those persons do not show that prescribing Lipitor for them was improper. (*Id*. at 8.) Plaintiffs' counsel responded that the selected fund had only obtained fifty sets of medical records, and that the actual number of off-label prescriptions would be higher. (*Id*. at 27.) At the conclusion of the hearing, this court ordered each of the Plaintiffs to answer Interrogatory No. 3. [Dkt 115.]

At that hearing, Plaintiffs' counsel announced that Plaintiffs would be seeking leave to file a Second Amended Complaint, changing the theory of damages. (Pls.' Reply at 18-19.) He admitted that the change was as a result of the difficulty in identifying improper prescriptions. (*Id*. at 19.) Subsequently, Plaintiffs were given leave to file their Second Amended Complaint. [Dkt 126.] Pfizer's motion to dismiss that Second Amended Complaint is pending before the District Judge. [Dkt 153.]

Plaintiffs' present Motion to Modify Discovery asks that Plaintiffs be relieved of their obligation to comply with the August 28, 2007 Order. Plaintiffs assert that the Second Amended Complaint makes their compliance unnecessary because Plaintiffs' theory of damages has changed. According to Plaintiffs, the Second Amended Complaint:

> does not allege that individual Plaintiffs were duped into paying for specific off-label prescriptions because of a fraudulent marketing campaign. Rather, the SAC [Second Amended Complaint] alleges that Pfizer's off-label or fraudulent marketing drove demand up and increased the price of Lipitor.

3

(Pls.' Mem. Supp. Mot. at 5.) [Dkt 131.] Plaintiffs intend to prove damages with "commercially available data, Pfizer's own documents produced in discovery, third-party documents produced by Plaintiffs' subpoenae" and expert statistical modeling. (*Id*. at 2.) Pfizer objects to the motion and argues that information about allegedly improper prescriptions remains discoverable under the Second Amended Complaint. (Defs.' Opp'n Pls.' Mot.) [Dkt 139.]

**DISCUSSION**

Fifteen months after filing the initial Complaint in this case, Plaintiffs filed a Second Amended Complaint, arguing that they had changed their damage model. The reason for the change, Plaintiffs admit, is the difficulty of pursuing their original damage theory. The issue on the present motion is whether that change justifies relieving Plaintiffs of this court's previous discovery order, either because the information sought is now beyond the scope of discovery or because producing the information is unduly burdensome to the Plaintiffs.

This court agrees with Pfizer that information about the allegedly improper prescriptions for which Plaintiffs paid remains discoverable under the Second Amended Complaint, and that production of the information is not unduly burdensome.

1. <u>The information is within the scope of discovery</u>.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

4

Here, the Second Amended Complaint continues the allegations that Plaintiffs paid for improper prescriptions. In moving for leave to file their Second Amended Complaint, Plaintiffs argued that they are "third-party payors who paid for an increased number of prescriptions for Lipitor resulting from Pfizer's illegal marketing practices . . . ." (Pls.' Mem. Supp. Mot. Leave File Second Am. Compl. at 2.) [Dkt 113-3.] Contrary to Plaintiffs' assertions to this court in their present motion, the Second Amended Complaint does, in fact, allege that a primary component of Pfizer's allegedly illegal scheme has been an effort to expand the market for Lipitor by promoting the off-label use of the drug, which "resulted in an artificially increased number of Lipitor prescriptions *for which the Plaintiff Funds were required to pay* . . . ." (Second Am. Compl. ¶¶ 3-4, emphasis added.) Plaintiffs further claim that, "Plaintiffs paid improperly inflated prices for Lipitor and *for an increased number of Lipitor prescriptions* generated through Pfizer's illegal marketing tactics." (*Id*. ¶ 5, emphasis added.)

Each of the Plaintiffs alleges not only that it paid an inflated price for Lipitor but also that it paid for "an increased number of Lipitor prescriptions generated through Pfizer's illegal marketing campaign." (*Id*. ¶¶ 8-18.)

Thus, the claim that Plaintiffs were injured because they paid for unwarranted Lipitor prescriptions did not disappear with the filing of the Second Amended Complaint. Plaintiffs continue to allege that Pfizer's alleged scheme caused Lipitor to be prescribed to persons for whom the drug is not medically necessary or indicated for use, costing the third-party payors "billions of dollars." (*Id*. ¶ 110.) Although Plaintiffs' damage calculation is now based on a theory that Plaintiffs had to pay an artificially inflated price for Lipitor prescriptions (*id*. ¶¶ 6, 178), the underlying premise is that the price inflation was the result of fraudulently increased demand. (*Id*.

5

¶ 5.) The cause of Plaintiffs' injuries is alleged to have been that Plaintiffs incurred additional costs resulting from paying for the increased number of Lipitor prescriptions, as well as paying for Lipitor at an artificially increased price. (*Id.* ¶ 220.)

In light of the allegations of the Second Amended Complaint, the scope of discover plainly includes not only the total number of Lipitor prescriptions for which each Plaintiff fund paid as well as the amount paid for those, but also the identity of the prescriptions that Plaintiffs claim were the "increased" prescriptions for which each Plaintiff fund paid that were caused by Pfizer's alleged marketing scheme.

2. The discovery does not pose an undue burden on Plaintiffs.

Plaintiffs argue that obtaining the medical information required to determine which of the Lipitor prescriptions were "unnecessary" or "unwarranted" imposes an undue burden on them. That argument is rejected, for a number of reasons.

First, this court rejected that argument in July 2007 when it ordered Plaintiffs to obtain the information, starting with a fund of Plaintiffs' selection. As late as September 5, 2007, Plaintiffs said they planned to identify the prescriptions that were the result of improper marketing by identifying each participant who received prescriptions for Lipitor, and by reviewing the participant's medical records, to determine if the Lipitor prescription was for off-label uses. (Def.'s Opp'n Pls.' Mot., Ex. A at Request No. 13.)

Now, however, Plaintiffs claim that they have no intention of using the participants' medical records to prove their case or to calculate damages. (Pls.' Mem. at 7.) As discussed above, the allegations of the Second Amended Complaint contain substantially the same claims that Plaintiffs

6

paid for an unnecessarily and artificially increased number of prescriptions. Pfizer has a right to discover the information that would confirm or refute those allegations, whether or not Plaintiffs are interested in using that information in their own case.

Plaintiffs have not demonstrated that it is impossible to produce the information about what prescriptions they paid for and which of those they consider to have been the unnecessary result of improper marketing. They argue only that it is burdensome. They claim that there are over a thousand Lipitor-taking participants collectively in the Plaintiff funds, and that answering the interrogatory requires them to assemble information from "not always amenable third parties." (*Id.* at 3.) Pfizer asserts that Plaintiffs have a contractual right to obtain information about the participants and the medical benefits for which the Plaintiff funds paid. (Def.'s Opp'n Pls.' Mot. at 11.) Plaintiffs' Reply did not dispute that assertion.

In fact, Plaintiffs are ERISA benefit funds of which the participants are the beneficiaries. The trustees of the Plaintiff funds are fiduciaries of the beneficiaries, and the damages to be recovered, if any, become property of the funds to be held in trust for the beneficiaries.

In considering whether the burden is "undue," the court may consider whether "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). There is no doubt that Plaintiffs here seek a huge recovery, a return of all of the money obtained by Pfizer as a result of the alleged scheme. (Second Am. Compl. ¶ 229.) They estimate Pfizer's unlawful sales of Lipitor during the Class Period to be in the tens of *billions* of dollars. (*Id.* ¶ 7.)

7

Given the large sums of money that Plaintiffs seek, it is understandable that Pfizer wants to know whether Plaintiffs' own experiences support their claims. Particularly striking is the fact that the fund selected by the Plaintiffs to provide the first answer to Pfizer's interrogatory identified at most *6 individuals*. As this court expressed at the hearing on August 28, 2007, the parties' judgments about how to proceed, including, for example, whether settlement is possible, depend on getting a firm grasp of the facts behind the allegations.

Plaintiffs were served with Pfizer's interrogatory at issue well over a year ago, and had a plan as to how to obtain the information in September 2007. The court finds that the burden of responding is not undue.

## CONCLUSION

Plaintiffs' Motion to Modify Discovery is denied. Plaintiffs shall comply fully with this court's order of August 28, 2007. In view of the limited time remaining for discovery, Plaintiffs' answers to Pfizer's Interrogatory No. 3 shall be served on a rolling basis as each Plaintiff fund obtains the information, with full and complete sworn answers served by all Plaintiffs no later than December 21, 2007.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

November 14, 2007